**228**     NEW YORK PRACTICE REPORTS.

Norton agt. The Wallkill Valley R.R. Co.

# SUPREME COURT.

In the matter of the petition of FREDERICK O. NORTON, agt. THE WALLKILL VALLEY R. R. Co.

A *railroad company* in determining upon its route acts arbitrarily. No one is entitled to any *notice* on the subject, until the route has been actually designated and the map and profile filed. Then the company is in a condition to notify the property-holders, whose lands are to be taken.

Any person feeling himself aggrieved may, within a certain time after written notice of the route, apply to a justice of the supreme court for the appointment of commissioners; who, on a hearing of the parties, are to affirm or alter the route.

The duty of examining the route is not imposed, by the statute, on a justice of this court. The nature of the examination is such that he cannot make it. It is to be made by commissioners, one of whom must be a civil engineer. All that is to be done by the justice is to see that there is sufficient cause for the appointment of commissioners.

*Before* LEARNED, *J., October* 6, 1871.

Mr. HAND, *for petitioner.*
Mr. BERNARD, *for the company.*
Mr. SCHOONMAKER, *for certain owners of land, opposing.*

LEARNED, *J.* This is an application to change the route of the railroad. The petition sets forth, as required by the railroad act, his objections to the route designated, and also the route which he proposes in its place. The company, in their affidavits, show that they have done work already at some expense, on the route selected by them, and state the advantages in its favor. The other parties, over whose land the new route will pass, set forth their objections to the change.

The principal point now to be determined is what, in the

spirit of the act, is the nature of this hearing before the court. Is it to be an examination of all the merits of the two routes, as is claimed by the opposing counsel; or is the inquiry before the court rather to ascertain whether sufficient cause exists for the appointment of commissioners, who shall determine the merits. This is the claim of the petitioner's counsel.

A railroad company, in determining upon its route, acts arbitrarily. It is not required to consult any one. No one in fact, is entitled to any notice on the subject, until the route has been actually designated, and the map and profile filed. Then, for the first time, the company is in a condition to notify the property holders whose land is to be taken. And any person feeling aggrieved may, within a certain time after written notice of the route, apply to a justice of the supreme court for the appointment of commissioners. These commissioners, on a hearing of the parties, are to affirm or alter the route.

It cannot be that the duty of examining the route is imposed on a justice of this court. The nature of the examination is such that he could not make it. It is to be made by commissioners, and one of them must, very properly, be a civil engineer. All that is to be done by the justice is to see that there is sufficient cause. This does not mean that he is to try the matter on its merits. For if that were the meaning, it is plain that, practically, there would never be any commissioners appointed. The selection of a route is a matter to a great extent determined by personal observation, and by that experience which an expert possesses.

It was suggested that, if commissioners were to be appointed in such cases, great delay might ensue. But the statute gives power to the company to limit the time within which this application can be made. All they have to do is to notify the property holders. After such notice, the persons aggrieved have but a limited and short time within which to make this application. There need be no delay.

And whenever there is a reasonable ground of complaint as to the route—a route established merely, by the will of the company—I think that the person feeling aggrieved should have a fair hearing before persons competent to settle the question.

In the present case I see no reason to think that the petition is not in good faith. And whether the route already designated as that proposed by the petition is the better, I am not well situated to determine. That question will be far better decided by the tribunal which the law prescribes. The prayer of the petition must be granted.